**IN THE COURT OF APPEALS OF IOWA**

No. 22-1760
Filed October 11, 2023

**IN THE MATTER OF THE ESTATE OF ERNEST W. THOMA, Deceased.**

**JOHN THOMA and KELLY THOMA,**
Appellants.

_____

Appeal from the Iowa District Court for Jackson County, Tom Reidel, Judge.

John and Kelly Thoma appeal from the district court's ruling denying their breach of contract claim. **AFFIRMED.**

Peter C. Riley of Tom Riley Law Firm, P.L.C., Cedar Rapids, for appellants.

Darin S. Harmon, Dean J. Konrardy and Jeremy N. Gallagher of Kintzinger, Harmon, Konrardy, P.L.C., Dubuque, for executors-appellees.

Considered by Schumacher, P.J., and Chicchelly and Buller, JJ.

**BULLER, Judge.**

John and Kelly Thoma appeal from a ruling denying their breach-of-contract claim against the estate of Ernest Thoma. We affirm, finding substantial evidence supports the district court's conclusion that John and Kelly did not live up to their obligations under the contract and thus cannot prove a breach by Ernest's estate.

## I.       Background Facts and Proceedings

Ernest Thoma and his wife Alice both passed away before this litigation commenced. John Thoma (one of Ernest and Alice's sons), and later John's wife Kelly, started helping Ernest and Alice with farm operations in the early 1980s. Ernest and Alice bought John and Kelly farmland to work in 1990. John and Kelly moved onto the land. Sometime "down the road," the couple secured financing to pay off Ernest and Alice's mortgage on the property, becoming the sole owners.

John and Kelly later had a child who was born with serious health complications that caused significant medical bills. Because of these bills, John and Kelly were unable to make their mortgage payments, and the bank started foreclosure proceedings. But Ernest and Alice stepped in at the last minute, borrowing $617,000 to redeem the farm. Ernest and Alice then entered into a contract with John and Kelly, so that John and Kelly could repurchase the land by making yearly payments of $57,913.83.

In 2008 and 2009, John and Kelly made full payments under the contract, in the amount of $57,913.83 per year. In December 2009, Ernest and Alice refinanced the farm (along with an adjoining property). John and Kelly testified that, after this refinancing, Alice told them the payments would be reduced to two

$20,000 payments per year. But no written documentation of this agreement was ever produced.

In 2010, John and Kelly made a single $20,000 payment. Alice requested the second $20,000 payment in the summer, but Kelly refused to pay and claimed payments were only due in the spring and fall. The 2010 payment was the last payment John and Kelly ever made to Ernest and Alice.

After this, Ernest and Alice were unable to make payments on their loan, and the bank petitioned to foreclose on the properties in June 2012. That November, the district court granted summary judgment in favor of the bank. Afraid of the farm going to a foreclosure sale, John and Kelly retained an attorney to help work out a solution. The following March, a local investor agreed to purchase the farm from Ernest and Alice for $1,000,000, with a sixty-day option for John and Kelly to buy back the farm if they could obtain financing. John and Kelly did not secure financing, and the property was transferred in full to the investor. Litigation ensued between the Thoma family and the investor, which resulted in a victory for the investor that our court affirmed on appeal. *See Thoma v. Gansen*, No. 14-1600, 2015 WL 6509450, at *1 (Iowa Ct. App. Oct. 28, 2015). John and Kelly made no claim against Ernest and Alice in that proceeding.

By 2020, Alice and Ernest had both passed away. After Ernest's death, two of his and Alice's other sons were appointed co-executors of his estate. John and Kelly filed a claim against the estate that same year, alleging breach of contract based on the 2013 transfer of the farm property to the investor.

Following a contested trial, the district court found that John and Kelly failed to prove their breach of contract claim because they had not performed their own obligations under the contract. John and Kelly appeal.

## II. Standard of Review

We review breach-of-contract claims for correction of errors at law. *NevadaCare, Inc. v. Dep't of Hum. Servs.*, 783 N.W.2d 459, 465 (Iowa 2010). If substantial evidence in the record supports a district court's findings of fact, the reviewing court is bound by its findings. *Id.* But a district court's conclusions of law and its application of legal principles are not binding. *Id.*

## III. Discussion

> In a breach-of-contract claim, the complaining party must prove: (1) the existence of a contract; (2) the terms and conditions of the contract; (3) that it has performed all the terms and conditions required under the contract; (4) the defendant's breach of the contract in some particular way; and (5) that plaintiff has suffered damages as a result of the breach.

*Molo Oil Co. v. River City Ford Truck Sales, Inc.*, 578 N.W.2d 222, 224 (Iowa 1998).

We, like the district court, dispose of John and Kelly's claim on the third element. John and Kelly admitted in sworn testimony that they did not make all of the payments due after Ernest and Alice's 2010 refinancing. This holds true regardless of whether they were supposed to pay $57,913.83 annually or $20,000 twice-annually. John and Kelly's admission is corroborated by testimony from one of John's brothers that Ernest and Alice had to sell personal property to pay bills after John and Kelly failed to make payments, as well as the timing of Ernest and Alice involving the investor. Because John and Kelly did not fulfill their obligations

under the contract, they cannot succeed in a breach claim against Ernest's estate. *See Moto Oil Co.*, 578 N.W.2d at 224.

In their reply brief, John and Kelly take issue with the court's finding that they did not make payments, asserting their testimony at trial was ambiguous. We are not convinced. But even if John and Kelly are right that this fact was disputed, the district court necessarily resolved the dispute when it found "John and Kelly failed to pay the entire amount owed in 2010, 2011, and 2012." We are bound by this fact-finding, as it is supported by substantial evidence. *See* Iowa R. App. P. 6.904(3)(a).

## IV.     Disposition

The district court correctly found John and Kelly did not prove their breach-of-contract claim, and we affirm.

**AFFIRMED.**